UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLA OPENGEYM,

       **Plaintiff,**               **CIVIL ACTION NO. 14-CV-13037**

**vs.**                            **DISTRICT JUDGE PAUL D. BORMAN**

                              **MAGISTRATE JUDGE MONA K. MAJZOUB**

**HCR MANOR CARE,**

       **Defendant.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [13] AND STRIKING PLAINTIFF'S MOTION REGARDING UNRESOLVED ISSUES [22]

       Before the Court is Defendant HCR Manor Care's Motion to Compel.   (Docket no. 21.) Plaintiff filed a Response (docket no. 18); Defendant filed a Reply (docket no. 19); and the Parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 20).   Additionally, Plaintiff has filed a Motion Regarding Unresolved Issues.   (Docket no. 22.)   The Motions have been referred to the undersigned for consideration.   (Docket nos. 15 and 25.)   The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).   The Motions are now ready for ruling.

## I.      Background

       Plaintiff filed this Complaint against Defendant alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964.   (Docket no. 1.)   In her Complaint (filed in the form of a letter attached to an employment-discrimination cover sheet), Plaintiff alleges that Defendant is "enforcing an unconstitutional 'Excluding policy;'" that she was "discriminated

against and treated inferior, (based on [her] ethnicity[1] related to company assumptions, based on [her] accent);" and that she was "denied . . . equal educational opportunities and equal access to support from the team."   (*Id.* at 3.)   Plaintiff states that she "came to America as a refugee from the Former Soviet Union" and that she "was working in a hostile work environment from [Defendant's] Director of Nursing."   (*Id.*)   Plaintiff further alleges that she brought some safety concerns to the attention of management, but Defendant "continued to support decisions to exclude [her] from HCR manor Care Cooperation."   (*Id.* at 4.)   Finally, Plaintiff claims that "[a]s a member of a lifelong socially excluded minority group," she suffers from "chronic stress related to discrimination and social exclusion."   She argues that Defendant's policies "run contrary to general societal ideas" and that this will "have a direct detrimental impact on [Defendant's] services."   (*Id.*)   Plaintiff seeks "compensation for the moral damages, loss of benefits, and loss of income" related to the alleged discrimination.[2]   (*Id.*)

On September 4, 2014, Defendant served Plaintiff with its First Set of Interrogatories.   At issue in Defendant's current Motion are Plaintiff's responses to Defendant's Interrogatory Nos. 4, 5, 8, 10, 16, and 17, each asking for information related to Plaintiff's education, employment, and medical history.   (Docket no. 13 at 2-3.)   In response, Plaintiff provided some information, but Defendant asserts that the responses are not complete.   In its Motion, Defendant notes that Plaintiff has not objected to the interrogatories; thus Defendant asks the Court to order complete

---

[1] In her Complaint, Plaintiff does not identify the ethnic group to which she belongs. Through Defendant's motion and Plaintiff's response thereto, the parties make clear that Plaintiff is Jewish and that her claims relate to her religious and cultural background.

[2] Again, Plaintiff's complaint is factually unclear with regard to her employment status or whether she claims that she was terminated because of her ethnicity.   Her only statement with regard to her employment status is a passing reference to being "allowed to work and take care of patients" on her "last day of work."   (*See* docket no. 1 at 3-4.)

responses.

Plaintiff's Response to Defendant's Motion does not address the issue at hand. (*See* docket no. 20.) Instead, Plaintiff makes general arguments regarding the substantive issues in her Complaint. For example, she asserts that she "would like this case to be resolved as soon as possible," and she notes that Defendant's actions are "giving [her] irreparable damage to [her] reputation, career, [and] reputation as an American citizen." (*Id.* at 3.) Moreover, as Defendant notes, Plaintiff's Response was nearly a month late. (*See* docket no. 19 at 1 n.1.) In the Parties' Joint Statement, though, they inform the Court that they have resolved some of the outstanding issues, including all of the issues related to Plaintiff's educational records and medical records. (Docket no. 20.) Thus, the Court will only address the outstanding discovery issues regarding Plaintiff's employment records.

## II.    Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the

3

information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 33 allows a party to serve interrogatories and requests for production of documents on an opposing party.   Fed.R.Civ.P. 33.   A party receiving such a request has thirty days to respond with answers or objections.   Fed.R.Civ.P. 33(b)(2).   If the party receiving discovery requests under the Rules fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel.   Fed.R.Civ.P. 37(a)(3)(B).   If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.   Fed.R.Civ.P. 37(A)(5)(a).

## III.    Analysis

Defendant's Interrogatory No. 5 asks Plaintiff to provide the names of her previous employers and asks her to include the name and address of each employer, her date of hire, her job title, and the name of her immediate supervisor.   (Docket no. 13 at 2-3.)   Defendant's Interrogatory Nos. 8 and 10 seek the names of Plaintiff's current employer(s) and a list of jobs Plaintiff has held since she was terminated along with her date of hire, her job title, the name of her immediate supervisor, and ay information regarding her benefits and her hourly pay rate.   (*Id.* at 3.)   Defendant argues that this information is relevant in relation to mitigation and damages. (Docket no. 13 at 4.)

Through their Joint Statement, the Parties note that Plaintiff has agreed to sign authorizations with regard to her past and present employers related to the following records:

4

payroll records; earning record, ledger sheets; rate of pay; W2 tax forms; time cards or attendance sheets; employment applications; physical examination reports; physician's reports; medical files; workers' compensation records; accident reports; and insurance records.   Defendant asserts that this authorization does not resolve the outstanding issues because it does not disclose Plaintiff's "personal records."   (Docket no. 20 at 2-3.)

In light of Plaintiff's failure to object to Defendant's discovery requests, the court is inclined to grant Defendant's Motion.   Nevertheless, it is not entirely clear from Defendant's argument exactly what "personal records" are not covered by Plaintiff's authorization. Moreover, the Court finds it necessary to grant some guidance to the parties in light of Plaintiff's pro se status and the scope of Defendant's argument.   That is, Defendant's discovery requests were limited to the following specifics:

> [T]he name and address of each employer, your date of hire, your job title, the name of your immediate supervisor, the last date you worked for the employer, and your reason(s) for leaving [if applicable] . . . [as well as] [w]hether the position was full or part-time, your salary or hourly rate (including any bonuses, commissions, or other forms of compensation), the fringe benefits you were eligible to receive (including sick and vacation days, compensatory time, health and medical benefits, accident insurance, retirement plans, stock plans, 401(k) plans, profit share, automobile allowances), and any other benefits you were eligible to receive.

(Docket no. 13-2 at 3-4.)   It appears, then, that Plaintiff's authorizations provide all of the requested information except (1) the names of her immediate supervisors; (2) her reason for leaving; and (3) benefits received as part of her employment.   Therefore, the Court will grant Defendant's Motion and will order Plaintiff to provide responses including the same.

Additionally, with regard to Plaintiff's Motion Regarding Unresolved Issues (docket no. 22), the Court will strike Plaintiff's Motion from the record.   Although filed as a "Motion," this document is merely a request for the Court to resolve the substantive issues in this matter.   While

the Court is aware that Plaintiff would like to resolve her claims as quickly as possible, the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Orders in the instant case govern the timeline for disposition.   Moreover, the Court notes that Plaintiff's cooperation and expediency in responding to discovery requests will also affect the timeline for a final resolution.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel [13] is **GRANTED**.   Plaintiff is ordered to serve complete responses to Defendants' discovery requests as set forth in this Opinion and Order, without objections, within 30 days.

**IT IS FURTHER ORDERED** that in light of Plaintiff's pro se status and his willingness to compromise with regard to a substantial portion of Defendant's requests, the Court DENIES Defendant's requests for attorney fees and costs pursuant to Fed. R. Civ. P. 37(a)(5).

**IT IS FURTHER ORDERED** that Plaintiff's Motion Regarding Unresolved Issues [22] is stricken from the record.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   December 14, 2015          s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on Plaintiff and on counsel of record on this date.

Dated:   December 14, 2015          s/ Lisa C. Bartlett
                                    Case Manager

6