UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLA OPENGEYM,

       Plaintiff,                       Case No. 14-13037

v.                                         Paul D. Borman
                                           United States District Judge

HCR MANOR CARE,

       Defendant.
_____/

## OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 32); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 21); AND (3) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Plaintiff Alla Opengeym, filed this *pro se* action against Defendant HCR Manor Care[1] alleging employment discrimination in violation of Title VII and the Civil Rights Act of 1964. (ECF No. 1.) Now before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation recommending that the Court grant Defendant's Motion for Summary Judgment. (ECF No. 32, Report and Recommendation.)

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review

---

[1] The Court notes that Defendant's proper name is Heartland Employment Services, LLC. (ECF No. 21, at 1 n.1.)

of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

On April 20, 2016, Plaintiff filed an "Appeal To Do Not Struck Down 'Excluding From The Corporation Policy' In Order To Resolve And To Prevent These Issues. Do Not Wait Until More Damages Will Be Done." (ECF No. 33.) The Court notes that Plaintiff's "Appeal" was filed well past the fourteen days allowed for objections as set forth under 28 U.S.C. § 636(b)(1) and E.D. Mich L.R. 72.1(b). Additionally, in her "Appeal," Plaintiff does not address the Report and Recommendation nor set forth any objections to the factual or legal conclusions reached by the Magistrate Judge. Instead, Plaintiff requests that the Court "investigate and determine whether 'the excluding policy' creates a risk of emotional, reputational, financial or other significant harm, in order to resolve and to prevent these issues." (ECF No. 33, at *2.) The Court concludes that even construing Plaintiff's "Appeal"

liberally and considering the document an objection to the Report and Recommendation, the "Appeal" fails to articulate any claim of mistake or error regarding the Report and Recommendation.

Therefore, having reviewed the Report and Recommendation and finding that Plaintiff's "Appeal" is without merit, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 32) and GRANTS Defendant's Motion for Summary Judgment (ECF No. 21); and DISMISSES Plaintiff's Complaint with Prejudice (ECF No. 1.)

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 25, 2016.

s/Deborah Tofil
Case Manager

3